JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Mister Softee, Inc.

**(b)** County of Residence of First Listed Plaintiff   Camden County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jeffrey Zucker, Fisher Zucker, LLC, 21 South 21st Street, Philadelphia, PA 19103, 215-825-3100

## DEFENDANTS
Carl Gallucci

County of Residence of First Listed Defendant   Camden County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Lanham Act, 15 USC 1051, et seq.
Brief description of cause:
Trademark infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   50,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   07/13/2017

SIGNATURE OF ATTORNEY OF RECORD   /s/ Jeffrey Zucker

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MISTER SOFTEE, INC.<br>901 E. Clements Bridge Rd.<br>Runnemede, NJ 08078,<br><br>    Plaintiff,<br><br>v.<br><br>CARL GALLUCCI<br>802 Somerdale Road<br>Voorhees, NJ 08043<br><br>    Defendant. | Civil Action No. |

## <u>COMPLAINT</u>

### INTRODUCTION

1. Plaintiff Mister Softee, Inc. ("Mister Softee") brings this action against former licensee Carl Gallucci ("Gallucci") who is infringing on Mister Softee's trademark rights by operating an ice cream stand using the Mister Softee trademarks without Mister Softee's permission.   Mister Softee also brings this action to protect the goodwill associated with its trademarks and trade dress, and to protect Mister Softee's licensees who are being harmed as a result of the Defendant's unauthorized use of Mister Softee's trademarks.   Because the Defendant is no longer affiliated with Mister Softee, Mister Softee has no ability to ensure that Defendant is storing and dispensing his ice cream and other food products in compliance with applicable health standards and laws. Furthermore, Gallucci, by infringing Mister Softee's trademarks, is unfairly competing with Mister Softee's licensees, all of whom paid and continue to pay royalty fees for the right to use Mister Softee's trademarks.

**THE PARTIES**

2.      Mister Softee is a New Jersey corporation with an address at 901 E. Clements Bridge Road, Runnemede, New Jersey 08078. Mister Softee owns various trademarks including the trademark "Mister Softee" and the trade dress comprising the distinctive look of the Mister Softee ice cream stand.

3.      Defendant Gallucci is an adult individual with an address of 802 Somerdale Road, Voorhees, NJ 08043.

4.      Gallucci operates two ice cream stands at 3806 Boardwalk and 3118 Boardwalk, Wildwood, New Jersey (collectively, the "Premises").

**JURISDICTION AND VENUE**

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 in that Mister Softee's claims against Gallucci is based upon trademark and trade dress infringement under the Lanham Act, 15 U.S.C. §1051 et seq.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) in that Gallucci resides in this judicial district and pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

**THE MISTER SOFTEE SYSTEM**

7.      Mister Softee is a family owned and operated business that has been in operation since 1956.  Mister Softee is the licensor of Mister Softee ice cream stand and mobile ice cream truck businesses that sell soft-serve ice cream, hard ice cream, frozen desserts, novelties, stick items and other products.

8.     Mister Softee licensees are licensed to use Mister Softee's trade names, service marks and trademarks and to operate under the Mister Softee business system, using specially designed ice cream stands and mobile trucks with special equipment, equipment layouts, interior and exterior accessories, menu displays, identification schemes, products, management programs, standards, specifications, proprietary marks and information.   The relationship between Mister Softee and its licensees is governed by the terms and conditions of a Mister Softee Trademark License Agreement or Mister Softee Dealer Franchise Agreement entered into between Mister Softee and each licensee.

### THE TRADEMARKS AND TRADE DRESS

9.     Mister Softee owns the trademarks "Mister Softee" and related logos which are registered on the Principal Register of the United States Patent and Trademark Office at Registration Nos. 2128918 and 0667335 and 0663456 (the "Mister Softee Logos").   Mister Softee also owns and has registered a sensory mark which consists of the Mister Softee musical jingle at Registration No. 2218017 (the "Mister Softee Sonic Mark").   Mister Softee also created and uses the marks "Tu-Tone Cone", "Twinkletop Conehead", "Cherry Top Conehead", "Chocolate Top Conehead" and "Devil's Delight Conehead".  The term "Conehead" refers to the Mister Softee cartoon logo of an ice cream cone with a smiling face and bow tie.  (The Mister Softee Logos, Mister Softee Sonic Mark and other trademarks are collectively referred to as the "Mister Softee Marks").

10.     Only authorized licensees are permitted to use Mister Softee's federally registered trademarks, trade dress and proprietary business system.

11.     Since 1956, Mister Softee and its licensees have continuously used and advertised the Mister Softee trademarks, trade names, trade dress and musical jingle throughout the region.

3

Mister Softee's trademarks, trade names, trade dress and musical jingle distinguish its business and its licensees from similar businesses and are widely known and recognized by consumers. Mister Softee first began using its marks and trade dress in 1956 and first registered some of the above marks in 1958.  The Mister Softee musical jingle was composed in 1960.

### THE DISTINCTIVE NATURE OF MISTER SOFTEE ICE CREAM STANDS

12.     Mister Softee ice cream stands are inherently distinctive in appearance (the "Mister Softee Stand").  The design and appearance of Mister Softee Stand is arbitrary and nonfunctional.   Each Mister Softee Stand has, among others, the following distinctive appearance and characteristics:

a.     Blue and white pillars on each side of the stand with a red, white and blue trim above the stand.

b.     The front of the stand contains the statement "The Very Best" below the name "Mister Softee", both of which are in red cursive print.

c.     Below the "The Very Best" are the words "Shakes", "Sundaes", and "Cones" in blue, block, capital letters which have a green, frost-like trim and are set against a red background.

d.     Mister Softee Stands also contain a distinctive cartoon logo (the "Cartoon Character") depicting a soft serve ice cream cone with a smiley face and bow tie.  The Cartoon Character appears in between the red script words "Mister Softee" and on the pillars on each side of the stand.  The trademark for this logo is registered on the Principal Register of the United States Patent and Trademark Office at Registration No. 0667335.

e.     There is a menu display which contains the name "Mister Softee" in red cursive print.  The menu display advertises various ice cream products and their prices.

4

f.     The interior side wall of the stand contains designed advertisements printed on plastic for specialty products including, but not limited to, "Devil's Delight Conehead," "Cherry Top Conehead," "Chocolate Top Conehead," "Twinkletop Conehead," "Banana Boat," "Strawberry Sundae," "Hawaiian Pineapple Sundae," "Chocolate Nut Sundae," "Cherry Sundae," "Chocolate Sundae," "Tu-Tone Cone," and "Cart Wheel".  The name "Mister Softee" is printed on the cups pictured in the menu display.

13.     When Mister Softee enters into a license agreement with each new licensee, Mister Softee requires the new licensee to operate a stand painted in Mister Softee's red, white and blue color scheme and displaying Mister Softee's Marks which come as a decal pack that include the above-referenced elements.

14.     Each of these elements make an authentic Mister Softee Stand unique and distinctly identifiable to the consuming public as a Mister Softee ice cream business.

15.     A picture showing an authentic Mister Softee Stand bearing the Mister Softee Marks is attached hereto as Exhibit "A".

16.     Mister Softee's customer base predominately comprises young children.

## LICENSE AGREEMENTS

17.     On June 9, 2010, Defendant Gallucci entered into a Trademark License Agreement (the "First License Agreement") pursuant to which Gallucci was granted the right and undertook the obligation to operate Mister Softee ice cream stand at 3118 Boardwalk, Wildwood, New Jersey for a term of 10 years.  A true and accurate copy of the First License Agreement is attached as Exhibit "B."

18.     On May 16, 2012, Defendant Gallucci entered into a Trademark License Agreement (the "Second License Agreement") pursuant to which Gallucci was granted the right

and undertook the obligation to operate Mister Softee ice cream stand at 3806 Boardwalk, Wildwood, New Jersey for a term of 10 years. A true and accurate copy of the Second License Agreement is attached as Exhibit "C." The First License Agreement is identical to the Second License Agreement and they are collectively referred to as the "License Agreements."

## DEFAULT UNDER THE LICENSE AGREEMENTS

19.   Pursuant to Section 3 of the License Agreements, Gallucci was required to pay a license fee of $3,500 per stand or three percent of his gross sales of ice cream product (the "Product") per year, whichever is greater (the "Royalty Fee").

20.   Pursuant to Section 7 of the License Agreements, the License Agreements can be terminated, if Gallucci fails to cure a default under the License Agreements within seven days of written notice of the default.

21.   On February 21, 2017, Mister Softee wrote to Gallucci to notify him that he was in default of his Royalty Fee obligations for the year 2016 and owed Mister Softee $1,728.54 (the "Default Notice"). Mister Softee gave Gallucci 30 days to cure the default.

22.   Gallucci failed to timely cure the default.

23.   On May 11, 2017, Mister Softee mailed another copy of the Default Notice to Gallucci.

24.   Again, Gallucci failed to timely cure the default under the License Agreements.

## TERMINATION OF THE LICENSE AGREEMENTS

25.   Due to Gallucci's failure to timely cure his default, on July 12, 2017, Mister Softee sent a notice of termination to Gallucci. A true and correct copy of the Notice of Termination sent to Gallucci is attached as Exhibit "D."

26.     In the Notice of Termination served on Gallucci, Mister Softee advised Gallucci that the License Agreements were terminated because he failed to cure his default by paying the outstanding Royalty Fee for 2016.

27.     Gallucci has failed to comply with his post-termination obligations under Section 7 of the License Agreements to, among other things, (a) cease the use of and remove from the Premises Mister Softee's proprietary Marks, including without limitation, all identifying insignias, signs, displays, menu decals, logos, colors, color patterns or schemes and decals depicting ice cream products; and (b) return to Mister Softee his Mister Softee music boxes

28.     Pursuant to Section 7 of the License Agreements, Gallucci must reimburse Plaintiff for the reasonable attorney's fees and costs incurred by Plaintiff in connection with enforcing the terms of the License Agreements.

## COUNT I
### Trademark Infringement and Unfair Competition

29.     Plaintiff incorporates the forgoing averments as if fully set forth herein.

30.     Gallucci has utilized and benefited from the Mister Softee Marks in the operation of his ice cream stand businesses without Mister Softee's permission and with the knowledge that Mister Softee has not consented to his use of the Mister Softee Marks.

31.     Gallucci willfully intends to trade on Mister Softee's reputation and cause dilution of the Mister Softee Marks.

32.     Gallucci is guilty of trademark infringement pursuant to the Lanham Act, 15 U.S.C. §1051, et seq. Gallucci's use of the Mister Softee Marks constitutes a false designation of origin and is likely to cause confusion, mistake or deception as to his being affiliated, connected or associated with Mister Softee in violation of 15 U.S.C. §1125(a).  Gallucci's

conduct is also a violation of the common law of unfair competition and is an unfair trade practice under common law.

33.    Gallucci's continued operation of his ice cream stands also causes dilution of Mister Softee's famous marks in violation of 15 U.S.C. §1125(c).

34.    Gallucci's continued operation as set forth above has caused and will cause Mister Softee irreparable injury in that customers are being deceived by Gallucci as a result of Gallucci selling ice cream and related products from stands unlawfully identified as Mister Softee stands; Mister Softee will have difficulty licensing Gallucci's trading areas; business will be diverted from the Mister Softee Marks; the Mister Softee Marks will be diluted and taken from Mister Softee's control; and Mister Softee will lose profits and revenues which, because of Gallucci's conduct, cannot be readily calculated.

35.    Additionally, because Gallucci is no longer affiliated with Mister Softee, Mister Softee has no ability to ensure that Gallucci is storing and dispensing his ice cream products in compliance with applicable health standards and laws.  As a result, customers may become ill if the ice cream is not properly stored and dispensed and the stands and equipment are not operated in a sanitary manner.

36.    Mister Softee has no adequate remedy at law because it cannot be adequately compensated for the deprivation and dilution of the consumer recognition and goodwill built up under the Mister Softee Marks as a result of Gallucci's conduct.

37.    Mister Softee's immediate and irreparable harm will continue unless Gallucci is enjoined from continuing to use of the Mister Softee Marks.

**WHEREFORE**, Mister Softee, Inc. demands judgment in its favor and against Carl Gallucci as follows:

a.     A preliminary and permanent injunction enjoining Gallucci and his agents, employees and any person acting in concert with him from using the Mister Softee Marks or any colorable imitation in any manner whatsoever;

b.     An accounting of and judgment for the profits to which Mister Softee may be entitled;

c.     Treble damages pursuant to 15 U.S.C. § 1117;

d.     An order requiring the Gallucci to deliver and/or destroy all labels, signs, prints, packages, wrappers, receptacles and advertisements in his possession bearing the word and/or symbol that is the subject of the trademark or trade name violation or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same pursuant to 15 U.S.C. §1118;

e.     An order requiring Gallucci to return the music boxes in his possession that play the Mister Softee Sonic Mark to Mister Softee pursuant to 15 U.S.C. §1118.

f.     Punitive Damages;

g.     Attorneys' fees;

h.     Costs of this action; and

i.     Such further relief as this Court deems just and proper.

Respectfully submitted,

**FISHER ZUCKER, LLC**

Dated: July 13, 2017                      By: /s/ Jeffrey Zucker
                                                Jeffrey Zucker, Esquire
                                                Priya Vimalassery, Esquire
                                                21 South 21st Street
                                                Philadelphia, PA 19103
                                                T: (215) 825-3100
                                                F: (215) 825-3101
                                                jzucker@fisherzucker.com
                                                pvimalassery@fisherzucker.com

# EXHIBIT  A

MisterSoftee.jpg (750×1000)



# EXHIBIT  B

*1st store
term 10 yrs*

## TRADEMARK LICENSE AGREEMENT

This Trademark License Agreement ("Agreement") is entered into this __9th___ day of
__June___, 2010 between Mister Softee, Inc., a New Jersey corporation with its principal place of
business at 901 E. Clements Bridge Road, Runnemede, NJ 08078, or its assignee ("Licensor") and
Carl Gallucci of 29 Sandra Road, Voorhees, NJ 0843 (Licensee").

### BACKGROUND

A.      Licensor owns the mark and related logo "Mister Softee" (the "Marks").

B.      Licensee desires to operate a business at _Cape May County_____ (the
Premises").  Licensee desires to sell Mister Softee soft-serve ice cream ("Product") at the Premises
and desires to use the Marks in connection with its sales of Product at the Premises.

C.      Licensor desires to grant to Licensee a nonexclusive, non-transferable license
to use the Marks at the Premises pursuant to the terms of this Agreement.

### AGREEMENT

In consideration of the mutual promises and covenants contained in this Agreement, and for
other valuable consideration, the receipt and sufficiency of which is acknowledged, the parties agree
as follows:

1.      **GRANT**.  Licensor grants to Licensee the nonexclusive, nontransferable license
("License") to use the Marks at the Premises; and Licensee accepts the License subject to the
following terms.

2.      **LICENSEE PURCHASE OBLIGATIONS.**  Licensee agrees to purchase all
Product including soft serve ice cream mix and related supplies in connection with the sale of Mister
Softee soft serve ice cream from: (a) Licensor or its affiliates; or (b) a supplier approved in advance
by Licensor.

3.      **LICENSE FEE.**      Licensee shall pay an ongoing license fee of Three Thousand
Five Hundred Dollars ($3,500.00) per stand or three percent (3%) of licensee's gross sales of ice
cream Product per year, which ever is greater. This ongoing license fee is payable in four (4) equal
monthly installments beginning May 30th and ending August 30th of each year. A final year end
accounting shall be conducted no later than January 30th to determine if other monies are due subject
to 3% of sales. The initial year shall be using a system based on 210 days ending October 30th.

4.  **TERM.** The term of this Agreement shall be five (5) years from the date of this Agreement.  Licensor will have exclusive rights to the territory during this period.  Thereafter, Licensor will have a first right of refusal to open stores in the territory.  At the expiration of the term, this Agreement may be renewed by the written consent of both parties to this Agreement.

5.  **RIGHTS OF LICENSOR.** Licensor and its agents shall have the right to inspect the Premises during normal business hours to determine whether the Product sold by Licensee complies with Licensor's quality control standards and specifications, and shall have the right to audit Licensee's books and records to confirm Licensee's compliance with the terms of this Agreement. Licensee shall permit Licensor to review all labeling, advertising, displays and other items on which the Marks appear prior to the use of such items by Licensee and Licensee agrees that it will not use any items which have not been approved by Licensor.

6.  **DUTIES OF LICENSEE.**

6.1  Licensee agrees that all services rendered and goods sold by Licensee in connection with the Marks shall conform to the standards set by Licensor.

6.2  Licensee and its employees shall give prompt, courteous and efficient service to the public and shall otherwise operate the Premises so as to preserve, maintain and enhance the reputation and goodwill of Licensor and the Marks.

6.3  Licensee shall operate the Premises in conformity with the highest ethical standards and sound business practices and in a manner which will enhance the Licensor's name. Licensee shall employ a sufficient number of qualified, competent people to satisfy the demand for products and service.

6.4  Licensee shall comply with all applicable laws and regulations including, without limitation, all applicable health and sanitary standards prescribed by federal, state and local law and obtain all appropriate governmental approvals pertaining to the sale, distribution and advertising of goods and services covered by this License.

6.5  Licensee acknowledges the ownership by Licensor of all right, title and interest in the Marks and that it will not do anything in consistent with such ownership.  Licensee agrees and acknowledges that any benefits arising from Licensee's use of the Marks shall inure to the benefit of Licensor and that upon expiration or termination of this Agreement, no monetary amount shall be attributable to any goodwill associated with Licensee's use of the Marks.  Licensee's use of the Marks pursuant to this Agreement does not give Licensee any ownership interest or other interest in or to the Marks.

6.6  To protect the reputation and goodwill of Licensor and to maintain the standards of operation under Licensor's Marks, Licensee shall use only the Marks designated by Licensor and use them only in the manner authorized and permitted by Licensor.

- 2 -

6.7     Licensee shall maintain, at Licensee's expense, liability insurance in the minimum amount of $500,000.00 as to each person and $500,000.00 as to each occurrence and products liability insurance in the amount of $500,000.00, and such other insurance as Licensor may reasonably request from time to time during the term of this Agreement. Licensee further agrees to indemnify and hold Licensor harmless from any claims (including attorney's fees) arising out of or relating to this Agreement and Licensee's sale of Product at the Premises. **Mister Softee, Inc.** must be named as Additional Insured.

6.8     Licensee may not transfer, encumber or sell the license granted to pursuant to this Agreement.

6.9     Licensee shall be available for training or designate an employee to be trained by Mister Softee. Training will be for three (3) days.

7.     **BREACH OF AGREEMENT.**   If Licensee breaches any provision of this Agreement, then, at the option of Licensor, Licensor may terminate this Agreement if, within seven (7) days after written notice of such default has been given to Licensee by Licensor, Licensee has not cured the default. If Licensor terminates this Agreement, Licensor shall be entitled to any and all remedies available to it at law and in equity including, but not limited to, the right to seek injunctive relief and monetary damages. Licensee shall be responsible for reasonable attorney's fees and costs incurred by Licensor in enforcing the terms of this Agreement. The failure of Licensor to terminate this Agreement upon the happening of any such default shall not be deemed a waiver of Licensor's right to terminate. The rights and remedies granted in this Agreement will be in addition to any other rights and remedies which Licensor may lawfully have. If this Agreement is terminated, Licensee shall immediately remove all Marks from the Premises and shall otherwise cease the sale of Product and use of the Marks.

8.     **CONFIDENTIAL INFORMATION.**   Licensee shall not, during the term of this Agreement or thereafter, communicate, divulge or use for the benefit of any other person or entity any confidential information, knowledge, or know-how concerning the methods of operation which may be communicated to Licensee. Licensee shall take such measures as deemed necessary by Licensor to maintain the confidentiality of the information. Any and all information, knowledge, know-how, techniques and other information which Licensor designates as confidential shall be deemed confidential for purposes of this Agreement.

9.     **MISCELLANEOUS PROVISIONS.**   This Agreement constitutes the entire integrated agreement between Licensor and Licensee concerning the subject matter hereof, and supersedes any prior or contemporaneous agreements no change to this Agreement shall be binding unless mutually agreed to by the parties in writing. This Agreement shall be construed under the laws of the State of New Jersey. In the event of any conflict of law, the laws of the State of New Jersey shall prevail.

- 3 -

MISTER SOFTEE, INC.

BY: _____
James F. Conway
Vice President

Witness:

BY: _____
Carl Gallucci

BY: _____

Approved by:

_____
Mister Softee, Inc.
John P. Conway, President

- 4 -

# EXHIBIT   C

# TRADEMARK LICENSE AGREEMENT

This Trademark License Agreement ("Agreement") is entered into this ___16th___ day of ___May_____, 2012 between Mister Softee, Inc., a New Jersey corporation with its principal place of business at 901 E. Clements Bridge Road, Runnemede, NJ 08078, or its assignee ("Licensor") and Carl Gallucci of 802 Somerdale Road, Voorhees, NJ 08043 (Licensee").

## BACKGROUND

A.      Licensor owns the mark and related logo "Mister Softee" (the "Marks").

B.      Licensee desires to operate a business at 3806 Boardwalk, Wildwood, NJ 08260 (the Premises"). Licensee desires to sell Mister Softee soft-serve ice cream ("Product") at the Premises and desires to use the Marks in connection with its sales of Product at the Premises.

C.      Licensor desires to grant to Licensee a nonexclusive, non-transferable license to use the Marks at the Premises pursuant to the terms of this Agreement.

## AGREEMENT

In consideration of the mutual promises and covenants contained in this Agreement, and for other valuable consideration, the receipt and sufficiency of which is acknowledged, the parties agree as follows:

1.      **GRANT**.  Licensor grants to Licensee the nonexclusive, nontransferable license ("License") to use the Marks at the Premises, and Licensee accepts the License subject to the following terms.

2.      **LICENSEE PURCHASE OBLIGATIONS.**  Licensee agrees to purchase all Product including soft serve ice cream mix and related supplies in connection with the sale of Mister Softee soft serve ice cream from: (a) Licensor or its affiliates; or (b) a supplier approved in advance by Licensor.

3.      **LICENSE FEE.**      Licensee shall pay an ongoing license fee of Three Thousand Five Hundred Dollars ($3,500.00) per stand or three percent (3%) of licensee's gross sales of ice cream Product per year, which ever is greater.  This ongoing license fee is payable on a twenty week (20) schedule beginning April and ending August of each year.  A final year end accounting shall be conducted no later than January 30th to determine if other monies are due subject to 3% of sales.  The initial year shall be using a system based on 210 days ending October 30th.

4.     **TERM.** The term of this Agreement shall be ten (10) years with the option to renew for an additional (5) year term from the date of this Agreement.  Licensor will have exclusive rights to the territory during this period.  Thereafter, Licensor will have a first right of refusal to open stores in the territory.  At the expiration of the term, this Agreement may be renewed by the written consent of both parties to this Agreement.

5.     **RIGHTS OF LICENSOR.** Licensor and its agents shall have the right to inspect the Premises during normal business hours to determine whether the Product sold by Licensee complies with Licensor's quality control standards and specifications, and shall have the right to audit Licensee's books and records to confirm Licensee's compliance with the terms of this Agreement. Licensee shall permit Licensor to review all labeling, advertising, displays and other items on which the Marks appear prior to the use of such items by Licensee and Licensee agrees that it will not use any items which have not been approved by Licensor.

6.     **DUTIES OF LICENSEE.**

6.1     Licensee agrees that all services rendered and goods sold by Licensee in connection with the Marks shall conform to the standards set by Licensor.

6.2     Licensee and its employees shall give prompt, courteous and efficient service to the public and shall otherwise operate the Premises so as to preserve, maintain and enhance the reputation and goodwill of Licensor and the Marks.

6.3     Licensee shall operate the Premises in conformity with the highest ethical standards and sound business practices and in a manner which will enhance the Licensor's name. Licensee shall employ a sufficient number of qualified, competent people to satisfy the demand for products and service.

6.4     Licensee shall comply with all applicable laws and regulations including, without limitation, all applicable health and sanitary standards prescribed by federal, state and local law and obtain all appropriate governmental approvals pertaining to the sale, distribution and advertising of goods and services covered by this License.

6.5     Licensee acknowledges the ownership by Licensor of all right, title and interest in the Marks and that it will not do anything in consistent with such ownership.  Licensee agrees and acknowledges that any benefits arising from Licensee's use of the Marks shall inure to the benefit of Licensor and that upon expiration or termination of this Agreement, no monetary amount shall be attributable to any goodwill associated with Licensee's use of the Marks.  Licensee's use of the Marks pursuant to this Agreement does not give Licensee any ownership interest or other interest in or to the Marks.

6.6     To protect the reputation and goodwill of Licensor and to maintain the standards of operation under Licensor's Marks, Licensee shall use only the Marks designated by Licensor and use them only in the manner authorized and permitted by Licensor.

- 2 -

6.7     Licensee shall maintain, at Licensee's expense, liability insurance in the minimum amount of $500,000.00 as to each person and $500,000.00 as to each occurrence and products liability insurance in the amount of $500,000.00, and such other insurance as Licensor may reasonably request from time to time during the term of this Agreement. Licensee further agrees to indemnify and hold Licensor harmless from any claims (including attorney's fees) arising out of or relating to this Agreement and Licensee's sale of Product at the Premises. **Mister Softee, Inc.** must be named as Additional Insured.

6.8     Licensee may not transfer, encumber or sell the license granted to pursuant to this Agreement.

6.9     Licensee shall be available for training or designate an employee to be trained by Mister Softee.  Training will be for three (3) days.

7.     **BREACH OF AGREEMENT.**  If Licensee breaches any provision of this Agreement, then, at the option of Licensor, Licensor may terminate this Agreement if, within seven (7) days after written notice of such default has been given to Licensee by Licensor, Licensee has not cured the default.  If Licensor terminates this Agreement, Licensor shall be entitled to any and all remedies available to it at law and in equity including, but not limited to, the right to seek injunctive relief and monetary damages. Licensee shall be responsible for reasonable attorney's fees and costs incurred by Licensor in enforcing the terms of this Agreement. The failure of Licensor to terminate this Agreement upon the happening of any such default shall not be deemed a waiver of Licensor's right to terminate. The rights and remedies granted in this Agreement will be in addition to any other rights and remedies which Licensor may lawfully have. If this Agreement is terminated, Licensee shall immediately remove all Marks from the Premises and shall otherwise cease the sale of Product and use of the Marks.

8.     **CONFIDENTIAL INFORMATION.**  Licensee shall not, during the term of this Agreement or thereafter, communicate, divulge or use for the benefit of any other person or entity any confidential information, knowledge, or know-how concerning the methods of operation which may be communicated to Licensee.  Licensee shall take such measures as deemed necessary by Licensor to maintain the confidentiality of the information.  Any and all information, knowledge, know-how, techniques and other information which Licensor designates as confidential shall be deemed confidential for purposes of this Agreement.

9.     **MISCELLANEOUS PROVISIONS.**  This Agreement constitutes the entire integrated agreement between Licensor and Licensee concerning the subject matter hereof, and supersedes any prior or contemporaneous agreements no change to this Agreement shall be binding unless mutually agreed to by the parties in writing. This Agreement shall be construed under the laws of the State of New Jersey.  In the event of any conflict of law, the laws of the State of New Jersey shall prevail.

- 3 -

**MISTER SOFTEE, INC.**

BY: _____
James P. Conway
Vice President

Witness:

BY: _____
Carl Gallucci

BY: _____

Approved by:

_____
Mister Softee, Inc.
John P. Conway, President

- 4 -

# EXHIBIT  D



**FisherZucker**

BUSINESS LAWYERS

July 12, 2017

Lane Fisher*

Jeffrey Zucker*

F. Joseph Dunn*

David J. Allsman*

Frank A. Reino†

William Graefe, Jr.*

Priya Vimalassery*

Max Staplin*

Jarina Duffy*

Eli Bensignor*

Minerva Pinto*

———
*member PA and NJ bars
†member PA, NJ and WI bars

**Via UPS Overnight Mail**
**And Regular Mail**
Carl Gallucci
802 Somerdale Road
Voorhees, New Jersey 08043

**Via UPS Overnight Mail**
**and Regular Mail**
Carl Gallucci
#8 "I" Street
West Wildwood, New Jersey 08260

**Via UPS Overnight Mail**
**And Regular Mail**
Carl Gallucci
3806 Boardwalk
Wildwood, New Jersey 08260

**Via UPS Overnight Mail**
**and Regular Mail**
Carl Gallucci
3118 Boardwalk
Wildwood, New Jersey 08260

**Re:** **NOTICE OF TERMINATION OF YOUR LICENSE AGREEMENTS; 3806 Boardwalk and 3118 Boardwalk, Wildwood, NJ**

Dear Mr. Gallucci:

I represent Mister Softee, Inc. ("Mister Softee") and am writing to inform you that the June 9, 2010, and May 16, 2012, Trademark License Agreements (the "License Agreements") between you and Mister Softee are terminated.

The License Agreements granted you the right to operate two businesses in Wildwood, New Jersey, one at 3806 Boardwalk and the other at 3118 Boardwalk (collectively the "Premises"), to sell Mister Softee ice cream products (the "Product") and to use the "Mister Softee" trademark and logo (the "Mark") in connection with the sale of the Product for a term of 10 years.

Pursuant to Section 3 of the License Agreements you were required to pay a license fee of $3,5000 per stand or three percent of your gross sales of Product per year, whichever is greater (the Royalty Fee"). On February 21, 2017, Mister Softee provided you with written notice that you are in default of your Royalty Fee obligations for the year 2016 and owe Mister Softee $1,728.54 (the "Default Notice"). Mister Softee gave you 30 days to cure your default, which you failed to do.

On May 11, 2017, Mister Softee mailed another copy of the Default Notice to you. To date, you have failed to cure your default under the License Agreements.

21 S. 21st Street
Philadelphia, PA 19103
P: 215.825.3100
F: 215.825.3101

811 Church Road
Suite 105
Cherry Hill, NJ 08002
P: 856.665.5253
F: 856.488.2108





Carl Gallucci
Notice of Termination of Your License Agreements
July 12, 2017
Page 2

**ACCORDINGLY, PLEASE ACCEPT THIS CORRESPONDENCE AS NOTICE THAT THE LICENSE AGREEMENTS ARE TERMINATED UPON YOUR RECEIPT OF THIS CORRESPONDENCE DUE TO YOUR DEFAULT AS REFERENCED ABOVE.**

Mister Softee expects your strict compliance with all of your post-termination obligations set forth in the License Agreements, including, but not limited to, your obligations under Sections 7 and 8 of the License Agreements to, among other things, immediately: (a) cease the use of and remove from the Premises Mister Softee's proprietary trademarks, including without limitation, all identifying insignias, signs, displays, menu decals, logos, colors, color patterns or schemes and decals depicting ice cream products; (b) cease all sale of the Product; and (c) refrain from divulging or using for your benefit or the benefit of any other person Mister Softee's confidential information.

If you fail to comply with your post-termination obligations under the License Agreements, Mister Softee will pursue all of its rights and remedies against you. Please note that pursuant to Section 7 the License Agreements, you will be liable for all of Mister Softee's costs and expenses, including their attorney's fees, if it sues you to enforce your post-termination obligations under the License Agreements.

Due to the serious nature of this matter, I strongly urge that you give it your immediate attention.

Very truly yours,

**FISHER ZUCKER LLC**

By: _____
Jeffrey Zucker

cc:     James F. Conway, Jr. (via email)